UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BitNile, Inc.,

Plaintiff,

v.

Case No. 22-cv-2911 (JNE/DLM)
ORDER

David Perrill, Drake Harvey III, Kyle Wenzel, Brett Kittilstved, and Breanna Baker,

Defendants.

This is an action by BitNile, Inc., a cryptocurrency mining company, against former officers and employees of Compute North LLC for fraud, fraudulent concealment, and civil conspiracy. According to BitNile, Generate Lending LLC agreed to provide financing to pay for development costs at Compute North's facilities, including one known as the Wolf Hollow Facility, which is in Texas. In July 2022, Generate notified Compute North of several defaults. After Compute North failed to cure, Generate took control of the Wolf Hollow Facility and other assets of Compute North. A few days later, BitNile and Compute North entered into an agreement for Compute North to provide colocation services for BitNile's mining equipment. In the days leading up to the agreement's execution, Compute North represented that BitNile's equipment would be ready for use by October 1, 2022. One week after the agreement's execution, BitNile paid a deposit of more than $2 million. Later in August 2022, BitNile started to ship equipment worth more than $40 million for delivery to the Wolf Hollow Facility. In September 2022, Compute North declared bankruptcy. Generate did not honor the

agreement between BitNile and Compute North. BitNile brought this action in November 2022.

BitNile claimed that Defendants' fraudulent misrepresentations and omissions induced it to enter into the contract with Compute North, pay the deposit, and ship its equipment. Defendants moved to dismiss. The Court denied their motion. Based on joint motions, BitNile's claims against each defendant except David Perrill, Compute North's former chief executive officer, were subsequently dismissed. In early 2026, Perrill moved for summary judgment.[1] The Court heard the motion on September 1, 2026. For the reasons set forth below, the Court grants in part and denies in part the motion.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To support an assertion that a fact cannot be or is genuinely disputed, a party must cite "to particular parts of materials in the record" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). In determining whether summary judgment is appropriate, a court must view genuinely disputed facts in the light most favorable to the nonmovant, *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009), and draw all justifiable

---

[1] Later in 2026, after Perrill moved for summary judgment, the case was reassigned to the undersigned.

inferences from the evidence in the nonmovant's favor, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To prevail on its fraud claim, BitNile must demonstrate:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer pecuniary damage as a result of the reliance.

*Specialized Tours, Inc. v. Hagen*, 392 N.W.2d 520, 532 (Minn. 1986). "A misrepresentation may be made either (1) by an affirmative statement that is itself false or (2) by concealing or not disclosing certain facts that render the facts that are disclosed misleading." *M.H. v. Caritas Fam. Servs.*, 488 N.W.2d 282, 289 (Minn. 1992). "Nondisclosure does not give rise to a fraud claim unless there is 'a legal or equitable obligation' to communicate facts to a particular person and that person is entitled to the information." *Heidbreder v. Carton*, 645 N.W.2d 355, 367 (Minn. 2002).

Civil conspiracy "is a theory of liability under which a plaintiff can establish that a defendant is vicariously liable for some tortious act committed by another." *Leiendecker v. Asian Women United of Minn.*, 848 N.W.2d 224, 228 n.2 (Minn. 2014). "To prove conspiracy, a party must specifically present facts tending to show agreement and concerted action. Conclusory allegations are insufficient." *Anderson v. Douglas County*, 4 F.3d 574, 578 (8th Cir. 1993).

Perrill asserted that summary judgment is appropriate because the alleged misrepresentations "were not independent from, outside of, or collateral to, the contract." "[T]he independent duty rule 'provides limitations on when a party may assert tort claims against another with whom the party has a contractual relationship.'" *Polaris Indus., Inc. v. Mangum*, 690 F. Supp. 3d 966, 976 (D. Minn. 2023) (citation omitted). "[C]ourts agree that fraud in inducing a contract and a later breach of that contract represent two distinct causes of action under Minnesota law." *McDonald v. Johnson & Johnson*, 776 F.2d 767, 770 (8th Cir. 1985). BitNile and Perrill do not have a contractual relationship. Accordingly, the Court rejects his argument for summary judgment. *See Polaris*, 690 F. Supp. at 977.

Next, Perrill asserted that summary judgment is appropriate because "[n]o evidence exists to support the first two elements of BitNile's" fraudulent inducement claim. There is evidence in the record that Perrill directed Compute North's sales team to enter into contracts for colocation services; that the sales team made numerous representations to BitNile regarding Compute North's ability to provide the services; that the contracts had to be in the name of, or assigned to, another entity; that assignment was subject to third-party approval; and that Perrill did not disclose the need to assign contracts and to obtain third-party approval to the sales team. Viewing the record in the light most favorable to BitNile, a reasonable finder of fact could find the first two elements satisfied. *See Vikse v. Flaby*, 316 N.W.2d 276, 284 (Minn. 1982).

Third, Perrill asserted that summary judgment on BitNile's fraud claim based on omissions should be granted because he had no duty to disclose Generate's actions.

BitNile responded that "Perrill, through those he directed, was required to disclose Compute North's defaults to Generate and that Compute North lacked control over the Wolf Hollow Facility." "The general rule is that 'one party to a transaction has no duty to disclose material facts to the other.' A duty to disclose facts may exist under certain circumstances, such as when a confidential or fiduciary relationship exists between the parties or when disclosure would be necessary to clarify information already disclosed, which would otherwise be misleading." *L & H Airco, Inc. v. Rapistan Corp.*, 446 N.W.2d 372, 380 (Minn. 1989) (citation omitted). Viewed in the light most favorable to BitNile, the record reveals that disclosure of Generate's declaration of Compute North's default and assumption of control of the Wolf Hollow Facility would clarify information, which would otherwise be misleading, disclosed to BitNile by Compute North at Perrill's direction. The Court rejects Perrill's assertion that he had no duty to disclose.

Fourth, Perrill asserted that "[t]here is no evidence to support imposing officer liability on [him]." Viewing the record in the light most favorable to BitNile, a reasonable finder of fact could conclude that Perrill directed Compute North's sales teams to make material misrepresentations to potential customers. Accordingly, the Court rejects Perrill's argument. *See Morgan v. Eaton's Dude Ranch*, 239 N.W.2d 761, 762 (Minn. 1976) ("[A] corporate officer is not liable for the torts of the corporation's employees unless he participated in, directed, or was negligent in failing to learn of and prevent the tort." (footnote omitted)).

Next, Perrill maintained that there is no evidence "to support a conspiracy claim against him." BitNile responded that, "at the direction of Perrill, Compute North's sales

team made repeated misrepresentations to, and omitted material information from, BitNile in order to induce BitNile" to enter into the agreement, pay the deposit, and ship its mining equipment; that "Perrill knew that Compute North lacked the authority to enter into the Master Agreement and Order Form, or to promise to energize BitNile's Mining Equipment at the Wolf Hollow Facility, but instructed his sales team to push forward anyway to enter into customer contracts and collect customer deposits"; that "Perrill did not disclose to the members of his sales team that Compute North did not control, or was at imminent risk of losing control of, the Wolf Hollow Facility"; and that Perrill "affirmatively misrepresented to his team that Compute North had the authority to enter into and perform such contracts." Although BitNile asserted at the motion hearing that its conspiracy should survive based on (1) communications between Perrill and Compute North's chief operating officer and (2) the chief operating officer's communications with Compute North's chief commercial officer, BitNile stated in its motion that Perrill withheld the relevant information from the chief operating officer and the chief commercial officer. BitNile has not directed the Court to evidence "tending to show agreement and concerted action." *Anderson*, 4 F.3d at 578. The Court grants Perrill summary judgment on BitNile's conspiracy claim.

Finally, Perrill asserted that BitNile failed to demonstrate it reasonably or justifiably relied on the alleged misrepresentations. "To prevail on a claim of fraudulent misrepresentation, the complaining party must set forth evidence demonstrating both actual and reasonable reliance." *Hoyt Props., Inc. v. Prod. Res. Grp., L.L.C.*, 736 N.W.2d 313, 320–21 (Minn. 2007). Viewing the record in the light most favorable to

BitNile, a reasonable finder of fact could conclude that BitNile actually and reasonably relied on the alleged misrepresentations by entering into the contract with Compute North, paying the deposit, and shipping its equipment. *See Davis v. Re-Trac Mfg. Corp.*, 149 N.W.2d 37, 39 (Minn. 1967) ("But where, as here, a party to whom a representation has been made has not made an investigation adequate to disclose the falsity of the representation, the party whose misstatements have induced the act cannot escape liability by claiming that the other party ought not to have trusted him.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Perrill's Motion for Summary Judgment [Docket No. 142] is GRANTED IN PART and DENIED IN PART.

2. BitNile's Third Claim for Relief (Civil Conspiracy) is DISMISSED WITH PREJUDICE.

3. BitNile and Perrill are directed to meet and confer regarding a trial date and a deadline for expert-related motions and to jointly submit proposals for the Court's consideration.

Dated: September 30, 2026

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge